IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cecil Fitzgerald Jamison,<br><br>                Plaintiff,<br><br>vs.<br><br>Warden MacKie; Ms. Thompson, R&E Manager; M. Goebel; CO Aiken; Copr. Carter; Sgt. Story; CO D. Welser, Library; in their individual and official capacities; CO Bulware; Sgt. Woods; Lt. Murdock; Sargeant Jane Doe,<br><br>                Defendants. | C/A No. 0:11-2668-RBH-PJG<br><br>**REPORT AND RECOMMENDATION** |

The Plaintiff, Cecil Fitzgerald Jamison, a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at Wateree River Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names several government employees as defendants.[1] Plaintiff alleges the defendants intentionally deprived him of his property in violation of his constitutional rights. The Complaint seeks monetary damages, as well as injunctive relief in the form of defendants being "fired and fined, and also jailed." (ECF No. 8.) Having reviewed the Complaint in accordance with applicable law, the court concludes that the Complaint should be dismissed for failure to state a claim on which relief may be granted.

---

[1] Title 28 U.S.C. § 1915A(a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a government entity or officer or employee of a governmental entity."



**BACKGROUND**

Plaintiff files a § 1983 action claiming "illegal seizure of property, falsifying policy, corruption, theft." (ECF No. 1 at 2.) The Complaint alleges that Plaintiff unsuccessfully tried to give his property to his father prior to being transferred from Orangeburg County Detention Center to SCDC at the Kirkland Reception and Evaluation Center, where his property was taken from him. Plaintiff alleges the property included valuable gold and diamond jewelry (including wedding rings), a necklace, diamond earrings, and an expensive watch. (Id. at 3.) He alleges Defendants Aiken and Bulware ignored his initial questions about his property. (Id.) He also alleges that he watched Defendant Aiken "throwing my stuff into the garbage," even after he informed her it was legal and religious materials. (Id. at 4.) Defendant Jane Doe allegedly pointed out a paper taped to a desk and stated that inmates "are only allowed what ever this sheet said." (Id.) He states that he saw them set aside his"holy scriptures The Book of Yahweh" and Georgetown Law Journal. (Id.) He alleges he told Defendant Carter that some of the legal materials were for a lawsuit, and he also alleges his "lawsuits and legal letters to go out sealed with stamps on the envelopes" were thrown away. (Id. at 5.)

Plaintiff claims some of his legal books were sent to the law library, and some of his religious books were sent to the chaplain, who gave the religious books back to him. He alleges he spoke to Defendants Newman, Sgt. Jane Doe, Goebel, Mackie, and Thompson about his property, and they told him it was policy that if he didn't have the funds to mail his property, it would be donated. (Id. at 6.) He also wrote requests to staff concerning his property, to which he states he never received a response. He alleges he wrote to Defendants Wesler and Story about his legal materiel, with no response. (Id. at 6.) He



states that he spoke to Defendant Story, who told him policy did not allow inmates to have law books. (Id.) He seeks monetary damages as well as injunctive relief in the form of the defendants being "fired and fined, and also jailed." (Id. at 8.)

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[2] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under

---

[2] Screening pursuant to § 1915A is subject to this standard as well.



§ 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

PJG

## DISCUSSION

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. However, an intentional deprivation of property by a governmental employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available. Hudson v. Palmer, 468 U.S. 517, 533 (1984); see also Mora v. City of Gaithersburg, Md., 519 F.3d 216, 230-31 (4th Cir. 2008) (concerning the intentional taking of guns and ammunition from the plaintiff); Bogart v. Chapell, 396 F.3d 548, 561-63 (4th Cir. 2005) (finding that intentional destruction of the plaintiff's animals did not violate the due process clause because South Carolina afforded a meaningful post-deprivation remedy for the loss of animals).

In South Carolina, prisoners may bring an action for recovery of personal property against officials who deprive them of property without state authorization. See McIntyre v. Portee, 784 F.2d 566, 567 (4th Cir. 1986) (citing S.C. Code Ann. §§ 15-69-10 et seq.). Such an action provides "a post-deprivation remedy sufficient to satisfy due process requirements." Id. (citing Parratt v. Taylor, 451 U.S. 527 (1981)); see also Samuel v. Ozmint, C/A No. 3:07-178-PMD, 2008 WL 512736 at *7 (D.S.C. Feb. 25, 2008) (noting that claims related to the taking of personal property are cognizable under South Carolina state law); Greene v. Stonebreaker, C/A No. 9:06-3392-PMD, 2007 WL 2288123 at *6 (D.S.C. Aug.6, 2007) (noting that a person in South Carolina has a remedy for personal property loss through the South Carolina Tort Claims Act).

In the instant action, Plaintiff claims the defendants confiscated, destroyed, and "donated" his property at the time he entered SCDC. The Complaint expressly alleges



that, contrary to some of the defendants' assertions, the deprivation of Plaintiff's property was not authorized by any policy.  Plaintiff refers to "this fake/bogus policy" and "this bogus policy, which doesn't exist anywhere" in claiming the "illegal taking of property," which indicates unauthorized actions.  (ECF No. 1 at 7, 8.)  Plaintiff complains of unauthorized deprivation of property, for which he has a meaningful post-deprivation remedy, so the Complaint should be dismissed for failure to state a § 1983 claim upon which relief may be granted for unconstitutional deprivation of property.

Furthermore, the Due Process Clause is not implicated by a negligent act of a governmental official causing unintended loss of or injury to life, liberty, or property. Daniels v. Williams, 474 U.S. 327 (1986); Pink v. Lester, 52 F.3d 73, 75 (4th Cir. 1995). Thus, to the extent Plaintiff's claim may sound in negligence, such an action is not cognizable under § 1983.  See DeShaney v. Winnebago Cnty. Dep't of Social Servs., 489 U.S. 189, 200-03 (1989) (§ 1983 does not impose liability for violations of duties of care arising under state law).

Finally, if Plaintiff is attempting to claim denial of court access based on his allegations of confiscated and destroyed "lawsuits and legal letters," as well as legal notes and materials, the Complaint fails to state a claim.  (ECF No. 1 at 5.)  The United States Supreme Court directs that an inmate alleging denial of court access must demonstrate "actual injury" caused by the policy or procedure in effect at the place of incarceration. Lewis v. Casey, 518 U.S. 343, 349 (1996).  Specific allegations must be made as to the actual injury sustained by the plaintiff claiming infringement of his right of access to the courts.  See Cochran v. Morris, 73 F. 3d 1310, 1317 (4th Cir. 1996) (Plaintiff failed to identify any actual injury resulting from official conduct); Strickler v. Waters, 989 F.2d



1375,1382-85 (4th Cir. 1993), *cert. denied*, 510 U.S. 949 (1993) ("basic requirement that show specific harm or prejudice from the allegedly denied access").  The Complaint does not allege any actual injury, so it fails to state a § 1983 claim for unconstitutional denial of access to the courts.  The Complaint should therefore be dismissed for failure to state a claim on which relief may be granted.

### RECOMMENDATION

Accordingly, the court recommends that the Complaint be dismissed without prejudice and without service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 30, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).