IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

Cecil Fitzgerald Jamison,
        Plaintiff,

vs.

Warden MacKie; Ms. Thompson, R&E
Manager; M. Goebel; CO Aiken; Copr.
Carter; Sgt. Story; CO D. Welser, Library;
in their individual and offcial capacities;
CO Bulware; Sgt. Woods; Lt. Murdock;
Sargeant Jane Doe,
        Defendants

C.A. No.: 0:11-2668-RBH

**ORDER**

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

Neither party has filed objections to the Report and Recommendation. However, the plaintiff has filed a "Motion to Request Case Be Transferred to Proper Court"(Docket Entry #

1

15). In his motion, the plaintiff requests this Court to transfer his case to the "South Carolina Tort Claims Court." The Court assumes that the plaintiff has made this request because of the Magistrate's reference to a remedy for personal property loss through the South Carolina Tort Claims Act. (R&R, p.5). Such a case would be brought in the South Carolina Court of Common Pleas, but the procedural rules under which this Court operates do not authorize it to transfer a case to the state court.

In the absence of objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310 (4th Cir. 2005) stating that "in the absence of a timely filed objection, a district court need not conduct *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the record in this case, the Court finds no clear error. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference. Therefore, it is

**ORDERED** that the Complaint is dismissed without prejudice and without service of process. Plaintiff's Motion to Transfer is Denied.

**IT IS SO ORDERED.**

                                          s/ R. Bryan Harwell
                                          R. Bryan Harwell
                                          United States District Judge

Florence, South Carolina
January 9, 2012